John M. Reed, Esq. Town Attorney, Pleasant Valley
You have informed us that the newly elected town supervisor and the newly elected town superintendent of highways are brothers. You inquire whether a conflict of interest would result if the town supervisor, as a member of the town board, votes on matters involving the highway department, such as appropriations, the number of employees and salaries of employees.
The governing body of each local government, including towns, is required to adopt a code of ethics setting forth the standards of conduct reasonably expected of its officers and employees (General Municipal Law, § 806 [1]). The code of ethics is required to provide standards for officers and employees with respect to disclosure of interests in legislation before the local governing body and generally is to include other standards relating to the conduct of officers and employees of the municipality (ibid.). You should examine the town's code of ethics to determine whether there are any regulations applicable to the circumstances you have presented.
In opinions of this office, we have emphasized that public officers must exercise their official duties solely in the public interest (1986 Op Atty Gen [Inf] 101). Public officers should avoid circumstances which compromise their ability to make impartial judgments. In addition to avoiding specific conflicts, even the appearance of impropriety must be avoided in order to maintain public confidence in government.
Significantly, the offices of town supervisor and town superintendent of highways are elective. Thus, in electing the two brothers at the last election, the voters approved the exercise of the respective powers and duties of the offices by these two individuals. We believe that the town supervisor may vote on matters involving the highway department, including appropriations, the number of employees and salaries of employees. The primary concern is the annual determination of the highway department budget. The town board must determine the proper funding level for the highway department taking into consideration the allocation of available funds to all town departments. These are governmental decisions requiring consideration of the interests and needs of all departments of town government. While the supervisor's brother will request a certain funding level for the highway department, this is not a personal interest but a governmental judgment as to what is needed for the department. We believe these are matters on which the supervisor can act impartially, taking into consideration only the overall interests of the town.
You have informed us that the superintendent of highways' salary is determined annually by separate resolution of the town board. This is a matter in which the superintendent has a distinctly personal, as opposed to governmental, interest. We believe that the familial relationship may compromise the supervisor's ability to make an impartial judgment and at least creates an appearance of impropriety that must be avoided. Thus, we conclude that the supervisor must recuse himself from participating in the determination of the salary of his brother, the town superintendent of highways.
We note that outside of the budgetary process, the town superintendent of highways has considerable autonomy in the repair and maintenance of town highways.
We conclude that a town supervisor may take part in the determination of the town highway department budget even though his brother is the superintendent of highways. The supervisor must, however, take no part in the determination of the salary of his brother, the town superintendent of highways.